J. K. NAHALE and J. W. KELIIKOA, for and in behalf of themselves and 119 others *vs.* CHAS. KAIAIKI.

APPEAL IN EQUITY FROM MR. JUSTICE McCULLY.

SPECIAL TERM, MARCH, 1889.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ.

MR. JUSTICE DOLE did not sit, having been counsel in the case.

A Bill in Equity to declare defendant, as the lessee of certain lands, to be trustee of the plaintiffs.

Held, on the evidence, that plaintiffs are not shown to be the Hui or Company for whom defendant acted in procuring the lease.

OPINION OF THE COURT, BY BICKERTON, J.

This matter comes here on appeal by plaintiffs from the decree on the decision of Mr. Justice McCully.

DECISION OF MR. JUSTICE McCULLY.

The foundation of the bill of complaint is allegations to the effect that the complainants, who are nearly all of them resident upon the three adjacent lands of Keauhou 1, Keauhou 2, and Kahaluu, in the district of North Kona, in the Island of Hawaii, in the year 1882 formed a Hui or association, not incorporated, for the purpose of obtaining a lease of these lands from the late Ruth Keelikolani, and that they deputed the defendant as their agent and representative and on their behalf to proceed to Honolulu and obtain for such Hui such a lease. And that pursuant to such concerted action, and on behalf of such Hui, the defendant went to Honolulu, his traveling expenses being paid by a contribution of 25 cents each from the complainants, and obtained a lease.

The allegation that a Hui was formed, and that defendant procured a lease as their agent, is denied.

A great amount of testimony was taken during five days as to what was done in 1882 and in the years following up to the time of bringing this suit.

As I regard the determination upon this point as controlling the case, I now give no further abstract of the bill and answer, and shall consider what is to be decided upon it.

It is in the evidence of both parties that in 1882 the defendant, being a resident upon one of these lands, took steps to procure a lease of them. He carried or sent around among the residents a paper addressed to the chiefess and owner, R. Keelikolani, petitioning her to grant a lease to a Hui of the residents. A considerable number of signatures was obtained; a meeting of those interested was then called.

At this point the evidence becomes divergent and contradictory.

The complainants' evidence is that all things proceeded smoothly according to the design. It was determined to send the defendant to Honolulu to procure a lease for themselves as a Hui, and an assessment of 25 cents upon each of the intending members of the Hui, and in fact on all the natives resident on these lands or pasturing animals thereon, was made and for the most part then paid, in pursuance of which action the defendant did go to Honolulu as the agent of the Hui.

On the other hand the testimony of the defendant and the witnesses for the defense is that J. G. Hoapili, his brother, and some other friends, entirely defeated the purpose of the meeting.

Hoapili was the lessee of the lands in question, and his lease had nearly three years to run. He was the district magistrate, and sometimes the assessor or tax collector of the district. He was a person of great influence, and his position gave him great power. The residents upon the land were his tenants, paying the assessment which he might impose upon them. They might be ousted from the privileges and occupancy of the lands —their own limited kuleanas excepted. It must be believed that this man could not quietly see himself deposed from the power, influence and profit which he enjoyed by being the landlord of this region. It must be believed that his tenantry would fear the consequences of his displeasure if they should attempt

to procure a lease for themselves. He was their master until the 1st of January, 1885. I therefore believe the version that many if not most of those who had signed the petition withdrew or desired to withdraw their names; that nothing was accomplished at the meeting; that no money was raised to send defendant to Honolulu, and that the meeting broke up in disorder.

Nevertheless, the defendant came to Honolulu, but not on account of the complainants' Hui, so called. It is in evidence by all parties that there was not an organizing or associating which can, by the ordinary course of business in these Hawaiian associations known as Huis, constitute one in this instance. There was no list made of the persons who were to constitute the Hui, and certainly no subscriptions to any articles or agreement; no one was bound.

The defendant was successful in procuring a lease. The party of the second part is named and described as Charles Kaiaiki in his capacity (ano) of Luna (chief) of the Hui of the people leasing land at the two Keauhous and Kahaluu, Kona, Hawaii. Before the date when this lease was to begin to run— January 1, 1885—it was found necessary to make a modification of it in respect to a part of the territory above the mountain road, which was held by a lease to other parties, and correspondingly a reduction in the rent. This was effected by an entirely new lease, which, however, refers to the prior lease between the heir of Keelikolani, meantime deceased, and the defendant. In this which appears to have been drafted from the first lease, the second party is " Charles Kaiaiki for the Hui Hoolimalima of the kanakas of Keauhou, etc."

Now, who was the party of the second part bound by the covenants of the lease ?

I have said that the evidence of both parties is that in 1882 there was no subscription to articles of association, and the evidence of the defense is moreover that there was no real agreement to form a Hui; and I have determined that this was the truth of the case.

The same state of things existed when the second modified lease was given. The only person bound to the lessor was Charles Kaiaiki, and no one was bound in writing to him.

I repeat, there was not so much as a list of members of any Hui. And since that time, and in this controversy, the plaintiffs repudiate a membership in what they call the defendant's Hui, claiming to have organized themselves into another Hui, independent of the defendant, and without his connection or assent. This cannot be a Hui holding the defendant's lease.

The claim of the bill is, that the lease was made to the people resident on these lands.

It is to be said that the words of the lease describing the second party are not explicit. They do not import a lease to the defendant alone, but to him as the head of an association of which the constituents are not named. I think it may be likened to the grant of corporate powers to A. B., his associates and their assigns. In that view the Hui will be constituted of those who shall, by mutual agreement with the named lessee, associate themselves with him and with each other as the Hui of Lessees. It will not be in the power of others to make or declare themselves members of this Hui.

But it is in evidence that the plaintiffs, or many of them, have made some payment on account of rent, and as members of the Hui of Lessees. On the other hand, they have refused to make later payments. The defendant has no means of compelling them, as being members of the Hui, to make payment. I have held that they are not in any way bound as members. Their payment has not constituted them such. They were chargeable as tenants living upon the land with all that they have paid, and the payment has not constituted them lessees.

In the view I have taken of the facts and the law in this case, the prayer of the complainants' bill cannot be granted, and the bill is dismissed with costs.

### BY THE COURT.

The evidence seems to fully sustain the findings in the above decision. The first witness for the plaintiffs, Samuel Haaniu,

says: "We never had any understanding who should constitute the Hui, and who not;" also, "we had no constitution or by-laws." Other witnesses for the plaintiff testify to the same effect. The evidence for the plaintiff shows that defendant raised the rent in 1886 from $5 to $10 per annum for each piece of land occupied by those people that were not members of his Hui, and that some of them paid it, but that he only charged the members of his own Hui $5 per annum, and that the defendant took the lands from those who refused to pay the increased rent, thereby showing beyond any question that defendant made a distinction between the people living on the lands in question who were members of his Hui, and those who might be spoken of as the "Nahale faction," who were not members. The plaintiff's evidence also shows that there were people, who claim to be plaintiffs in this case, residing in Honolulu who had patches of land under cultivation on these lands, and that persons on adjoining lands paid $5 per annum for the pasturage of their horses on these lands. This is quite inconsistent with the contention of the plaintiffs, that defendant leased these lands for the use only of the people residing there and belonging to the lands. Nakau says: "Kaiaiki gave me back my money, and told me I had no further right in the land; I received it, the money." A. K. Hoapili (k.) testifies that he went to see Ruth Keelikolani about these lands, that defendant and a number of people were there about it, but that defendant was successful and got the lease. It is clear from the evidence introduced by the plaintiffs that there were two, if not more, parties trying to secure a lease from Keelikolani, but that defendant was the successful one, and that he got a lease for himself and those that might after associate themselves with him and form a Hui, which was eventually done and their names advertised.

The evidence for the defendant shows that Hoapili had a lease of those lands unexpired at time defendant procured his lease; that he offered $1,000 to Keelikolani for a new lease; that she said: "You have been carrying on pretty high, and I am going to give land to Kaiaiki at $800." And on another

occasion at Kona, Hawaii, when the people told her she could have got $1,000 per annum, she said she had done what was best with the land, with the haole Meyer's advice, and told them to sit down and not to speak again. Now, Hoapili belonged to the Nahale-Hoapili-Keliikoa faction; and it must be clear that Keelikolani did not intend or understand she was leasing the land to defendant for these people or their associates. The evidence also shows that Nahale spoke of certain people as his Hui, and Kaiaiki spoke of certain people as his Hui. Kaiaiki formed his Hui in 1886, and Nahale formed a much larger one, including women; they were two separate and distinct parties. The horses of those who failed to pay rent were impounded by defendant. This had always been done by Hoapili during his lease.

The by-laws of the defendant's Hui fixed the rent at $10 per annum for each holding.

It is very clear from the evidence, and from the acts of the parties and all the circumstances surrounding the case, that these plaintiffs have no standing as members of defendant's Hui, and we are of opinion that the decree must be sustained. It is so ordered, and the appeal is dismissed with costs.

*W. C. Achi* and *C. Creighton*, for plaintiffs.

*C. Brown*, for defendants.